Filed 3/6/23  P. v. Molina CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>      v.<br><br>RICHARD MOLINA,<br><br>    Defendant and Appellant. | G061906<br><br>(Super. Ct. No. 15CF2461)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge.  Affirmed.

Kristen Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*        \*        \*

Richard Molina was convicted by a jury in 2017 of attempted murder (Pen. Code,[1] §§ 664, subd. (a), 187, subd. (a)), battery with serious bodily injury (§ 243, subd. (d)), and possession of a weapon in a correctional facility (§ 4574, subd. (a)). The jury also found it true that Molina acted with premeditation and deliberation in committing the attempted murder, and that he had personally used a deadly or dangerous weapon. The jury did not find it true that Molina personally inflicted great bodily injury. Prior to sentencing, the court found it true that Molina had previously suffered four felony convictions that caused him to serve sentences in state prison.[2]

The court sentenced Molina to serve twelve years to life; this sentence was later reduced to eight years to life. We affirmed his conviction, although we directed that his sentence be modified. (*People v. Molina* (Feb. 26, 2019, G055709) [nonpub. opn.].)

In 2022 Molina filed a petition pursuant to section 1170.95 (later renumbered 1172.6) requesting that his sentence be vacated and that he be resentenced. The trial court appointed counsel to represent him. The People filed opposition to the petition.

On September 16, 2022, after receiving additional briefing from the parties, the trial court conducted a hearing. At the conclusion of that hearing, the court found that Molina had failed to make a prima facie showing that he was entitled to relief and therefore denied his petition. Molina filed a timely notice of appeal.

We appointed counsel to represent Molina on appeal. In conducting her analysis of potential appellate issues, counsel informed us in her declaration that she had reviewed the appellate record, and consulted with a staff attorney at Appellate Defenders,

---

[1] All statutory references are to this code.

[2] A codefendant, Steven Ramos, was found guilty by the same jury of being an accessory after the fact to Molina's crimes (§ 32), as well as possessing a weapon in a correctional facility (§ 4574, subd. (a)).

Inc.  Counsel then filed a brief pursuant to the procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738.  While not arguing against her client, counsel set forth the facts of the case and advised us she was unable to find an issue to argue on defendant's behalf.  Counsel then advised Molina of his right to file a written argument on his own behalf.  This court received from Molina what we will characterize as a letter brief on January 26, 2023.  In that communication Molina raises no discernible appellate issue.  We have nonetheless reviewed the entire record.[3]  Like counsel, we have been unable to find any arguable appellate issue.  We therefore affirm.

## FACTS

We extract the relevant facts from our prior opinion.

"The crimes at issue in this appeal took place in Module L of the Theo Lacy Jail, where both Molina and Ramos were incarcerated. . . .

[¶] . . . [¶]

"Molina and his cellmate Juan Monzon were assigned to cell 11, while Ramos and his cellmate Mark Crapo occupied cell 9. . . .

"On October 14, 2015, after Molina, Monzon, Ramos and Crappo were released to line up at the dayroom door to get their evening meals, Crapo was first in line, followed by Monzon, Molina, and then Ramos.

"While in line, Molina reached around from behind Monzon and made a dragging motion across Monzon's neck . . . .  The two men then began to fight . . . . [W]ithin a second or two of Molina's slashing motion across Monzon's neck, Ramos bent down to the floor, apparently retrieved something, and then went immediately back to his cell . . . .

---

[3]     Although we are not required to do so in postjudgment appeals, we have exercised our discretion to review this record pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216, 230.

"After deputies broke up the fight, they realized Monzon had a cut across his neck, consistent with the slashing motion Molina had made . . . . [W]hen the guards searched the two cells, they found a razor blade on the sink in Ramos's cell." (*People v. Molina, supra,* G055709.)

In his "petition for resentencing," which appears to have been filed without the assistance of counsel, Molina indicated he "could not presently be convicted of murder or attempted murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019. (Pen. Code, § 1170.95, subd. (a)(3).)"

As indicated above, the trial court appointed counsel to represent Molina on the petition. Molina's counsel and the prosecution both briefed the issue. The court then held a hearing. At the conclusion of that hearing, the trial court explained its reasoning for denying the motion: "This case was tried in here. I remember the case. I remember how it was instructed. I've reviewed the jury instructions. This was not in any way a vicarious liability case. It is ineligible for 1172.6. Petition is denied."

## DISCUSSION

Effective January 1, 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess., Senate Bill 1437) was enacted to limit the scope of the traditional felony murder rule; it also eliminated the natural and probable consequences theory for murder. (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) Pursuant to Senate Bill 1437, murder liability can no longer be "imposed on a person who [was] not the actual killer, [who] did not act with the intent to kill, or [who] was not a major participant in the underlying felony who acted with reckless indifference to human life." *(Lewis*, at p. 959). Senate Bill 1437 also added section 1170.95 (later renumbered § 1172.6), which created a procedure through which a "person convicted of felony murder or murder under the natural and probable consequences doctrine" can petition for relief. (§ 1172.6, subd. (a).)

4

Senate Bill No. 775 (2021-2022 Reg. Sess.), effective January 1, 2022, amended former section 1170.95 to expand the scope of potential relief available under the section. That section expressly permits defendants convicted of attempted murder to seek resentencing.

Pursuant to section 1172.6, Molina was required to make a prima facie showing in the trial court that he is entitled to the relief he seeks. *(Lewis*, *supra*, 11 Cal.5th at p. 960). The Supreme Court observed in *Lewis* that "the record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis, supra*, 11 Cal.5th at p. 971).

Here, the court followed the procedure required by the stature and the *Lewis* court. In fact, it was Molina's trial judge who conducted the hearing and denied his petition. During the hearing, the court indicated it recalled the case and the instructions it provided to the jury regarding attempted murder. The judge then concluded, "[t]his was not in any way a vicarious liability case."

We have reviewed the record and find that the trial court's recollection is correct. The instructions given to this jury provided no basis upon which it could have employed a now prohibited theory to find Molina guilty of attempted murder. Section 1172.6 provides no relief for a defendant who harbored an actual intent to kill which the jury found Molina did here. We find no error.

## DISPOSITION

The postjudgment order is affirmed.


                                        GOETHALS, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.